**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Ramon OCHOA–OCHOA,
Defendant/Appellant.**

No. 03–10530.

D.C. No. CR–02–01034–DCB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Nov. 3, 2004.

Beverly K. Anderson, Office of the U.S. Attorney Evo A. Deconcini, Tucson, AZ, for Plaintiff–Appellee.

Leslie A. Bowman, Law Office of Leslie A. Bowman, Tucson, AZ, for Defendant–Appellant.

Before TROTT and McKEOWN, Circuit Judges, and SHADUR,* Senior District Judge.

MEMORANDUM**

Ramon Ochoa–Ochoa, an alien, seeks reversal of his conviction of reentry following

---

* The Honorable Milton I. Shadur, Senior Uniteded States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

removal under 8 U.S.C. § 1326(a) as enhanced by 8 U.S.C. § 1326(b)(1). Ochoa–Ochoa asserts that the district court erred during jury selection in allowing the government to exercise a peremptory strike based on discriminatory criteria in violation of the Fifth Amendment's Due Process clause. We review a district court's conclusions regarding discrimination in jury selection for clear error (*Tolbert v. Page*, 182 F.3d 677, 680 n. 5 (9th Cir. 1999)).

In *United States v. Murillo*, 288 F.3d 1126, 1135–36 (9th Cir.2002) we reaffirmed, citing *Batson v. Kentucky*, 476 U.S. 79, 96–98, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the three-part test to be used in determining whether a prosecutor has unconstitutionally exercised the government's peremptory strikes:

> First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

Rather than engaging in that step-by-step analysis, the district court, following Ochoa–Ochoa's initiation of a *Batson* challenge, immediately requested that the government articulate a race-neutral reason for its decision to strike prospective juror Veronica Hinojo ("Hinojo"). In response the prosecutor explained:

> My main thought about her was that she was young and that she is female.

We may put to one side the district court's failure to consider first whether Ochoa–Ochoa had made a prima facie showing that Hinojo was struck due to her race, because the court's acceptance of the government's explanation in determining that no purposeful discrimination occurred was clear error. For one thing, the court's finding that "the government proffered a sufficient race-neutral reason to strike juror Hinojo other than her race, that is her youth," simply cannot be accepted in light of the government's having impermissibly linked that explanation with a reason that is manifestly improper: gender ( see *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 129–31, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); *United States v. De Gross*, 913 F.2d 1417, 1422 (9th Cir.1990)). Moreover, even the court's reliance on the explanation that Hinojo was struck because of her youth places weight on a singularly weak reed, given the facts that she was 23 years old, had attended college for two years, had a record of employment and had previously served as a juror in a criminal case (which had in fact resulted in a conviction).

In short, even apart from the fact that Hinojo was likely a member of a protected class—Hispanic or Latino—she was by the government's own admission struck in part because she was a woman. We hold that the district court's acceptance of the government's proffered explanation and its denial of Ochoa–Ochoa's *Batson* challenge in light of those facts was clear error, so that a new trial is required.

Ochoa–Ochoa has also raised other claims on appeal regarding errors at his trial. First, he contends that he was entitled to a judgment of acquittal because the location and date of the offense as proved at trial differed from the location and date originally alleged in the indictment. Ochoa–Ochoa says that discrepancy constituted a constructive amendment (rather than a permissible variance), which prejudiced him materially at trial, and that the evidence was consequently insufficient to support his conviction. Second, he asserts that the district court erred in refusing to

give a requested jury instruction that the court deemed relevant to 8 U.S.C. § 1326(a) "attempt" cases but not to "found in" cases such as the one at bar.

We find the government's arguments in response to all of those issues to be persuasive, so that neither singly nor together did they create reversible error. Having said that, we also note that the first set of Ochoa–Ochoa's arguments discussed in the preceding paragraph (and any possibility of jury confusion) could be avoided during the retrial if the government were to take the occasion to supersede the indictment to match it to the proofs.

REVERSED and REMANDED for a new trial.